IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs December 17, 2008

## STATE OF TENNESSEE v. DONALD BRADLEY WILLIAMS

**Appeal from the Criminal Court for Davidson County**
**No. 2007-A-379     Steve R. Dozier, Judge**

---

**No. M2008-00176-CCA-R3-CD - Filed June 12, 2009**

---

The defendant, Donald Bradley Williams, pled guilty to one count of evading arrest while operating a motor vehicle, a Class E felony, and one count of joyriding, a Class A misdemeanor. The parties agreed to a six year sentence on the felony evading arrest conviction and an eleven month and twenty-nine day sentence on the joyriding conviction, to be served concurrently. At sentencing the trial court found that the sentences should be served consecutively to a previous sentence for which he was incarcerated. The defendant challenges the consecutive sentencing in this appeal. After reviewing the record, we affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court is Affirmed.**

D. KELLY THOMAS, JR., J., delivered the opinion of the court, in which JERRY L. SMITH and ALAN E. GLENN, JJ., joined.

Jeremy W. Parham, Nashville, Tennessee, for the appellant, Donald Bradley Williams.

Robert E. Cooper, Jr., Attorney General and Reporter; David H. Finley, Assistant Attorney General; Victor S. Johnson, III, District Attorney General; and Pamela Anderson, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

The Davidson County Grand Jury indicted the defendant on one count of felony evading arrest in a motor vehicle, one count of carjacking, and one count of driving on a revoked license. The defendant entered a guilty plea to one count of felony evading arrest and one count of the lesser offense of joyriding in exchange for concurrent sentences of six years and eleven months and twenty-nine days. A sentencing hearing was held to determine whether these sentences would be concurrent or consecutive to an eight-year sentence for a previous conviction of evading arrest, for which the defendant was on probation at the time of these offenses. Finding that the defendant has an extensive criminal record and was on probation at the time of these offenses, the trial court ordered

the defendant to serve his six-year sentence consecutive to the eight-year sentence he is currently serving, resulting in a total effective sentence of fourteen years. The defendant's sole issue on appeal is that the trial court erred in imposing consecutive sentences because "such lengthy confinement is not necessary to protect the public" and the defendant has a potential for rehabilitation.

The transcript of the defendant's plea hearing is not included in the record. Thus, the circumstances surrounding the defendant's convictions are gleaned only from the indictment, sentencing hearing transcript and presentence report, which was introduced at sentencing without objection.

The facts are in dispute as to the events preceding the police chase. Count One of the indictment charges that the defendant "intentionally or knowingly did take a motor vehicle from the possession of Juan Pastor by use of a deadly weapon or by force or intimidation." The defendant entered a guilty plea to the lesser included offense of joyriding in Count One. However, at the sentencing hearing, the defendant testified that he took Mr. Pastor's vehicle with permission and had every intention of bringing it back to him. Before he could return the vehicle, the police pulled in behind the defendant and turned on their lights, signaling him to pull over. Attempting to "buy time" before going to jail, the defendant "just kept driving."

Contrary to the defendant's testimony, the presentence report indicates that the defendant and his brother approached Juan Pastor's vehicle, held a gun to Mr. Pastor's head and forced him out of the car before driving away. Mr. Pastor proceeded to flag down a passing motorist who in turn contacted the Metropolitan Nashville Police Department. Officers responded to the call and spoke with Mr. Pastor, whom they noted was intoxicated. Soon thereafter, officers spotted the stolen vehicle at a nearby market. Two officers attempted to initiate a traffic stop, and a police chase ensued.

The defendant admitted that he refused to pull over because he was on probation at the time, had an outstanding violation warrant, and "knew [he] was going to jail for that." In an effort to "buy time," the defendant led the police on a fifty-minute chase through South Nashville, avoiding tire spike strips several times before actually puncturing his tire and coming to a stop. The chase ended at the defendant's mother's house, where the defendant and his brother refused to get out of the car and threatened the officers by saying "get ready for a battle." A SWAT team was called to assist. The defendant and his brother remained in the car for an extended time before finally surrendering to police. No one was injured as a result of the chase.

The defendant testified at length regarding his extensive criminal history which includes eight felony convictions and more than thirteen misdemeanor convictions. The defendant was forty years old at the time of sentencing, and estimated he had spent "roughly nineteen years" of his life incarcerated. At the time of his latest arrest, the defendant was serving an eight year probated sentence for a conviction of felony evading arrest with the risk of death. Regarding that conviction, the defendant testified that he was driving without a license and "knew [he] was intoxicated" when "the officer got behind [him] and [he] got scared and fled." The defendant led the police on a high-speed chase across two counties before abandoning his vehicle and proceeding on foot. The defendant also has a third evading arrest conviction from 2002. In addition to his evading arrest

convictions, the defendant has been convicted of assault, aggravated assault, aggravated robbery, and burglary.

The defendant admits that he has a problem with alcohol abuse, noting that one of his convictions "was just something that happened outta being drunk." His alcohol problem is further reflected in the defendant's criminal record, which includes a vehicular homicide conviction involving alcohol as well as multiple driving under the influence (DUI) convictions. The defendant's mother, Ms. Ruth Williams, acknowledged the defendant's alcohol problem, noting that he had gone to rehabilitation several times. Ms. Williams said the defendant was successful when attending rehabilitative programs, but that "he'd get picked up for something else, and it'd get started all over again." The defendant and Ms. Williams asked the court to give him "one more chance" by imposing concurrent sentences.

ANALYSIS

When reviewing the imposition of consecutive sentences, the appellate court shall conduct a *de novo* review on the record, with a presumption that the determinations made by the trial court are correct. Tenn. Code Ann. § 40-35-401. This presumption of correctness is conditioned upon the affirmative showing in the record that the trial court considered the necessary sentencing principles as well as all relevant facts and circumstances. State v. Ashby, 823 S.W.2d 166, 169 (Tenn. 1991). The appealing party has the burden of showing that the imposed sentence is improper. Id. If review of the record reflects that the trial court properly considered all relevant factors and its findings of fact are adequately supported by the record, this court must affirm the sentence. State v. Fletcher, 805 S.W.2d 785, 789 (Tenn. Crim. App. 1991). Should the record fail to demonstrate the required considerations by the trial court, then appellate review of the sentence is purely *de novo.* Ashby, 823 S.W.2d at 169.

The sentencing order affirmatively shows that the trial court considered the principles of sentencing as well as all other facts and circumstances surrounding the defendant's convictions, criminal history and potential for rehabilitation. The trial court based its decision to impose consecutive sentences on "the defendant's repeated failures to comply with the laws of this State, the terms of probation, the terms of parole, and the terms of bond," noting that the court "has great concern for the safety of the community if this defendant is not required to serve the balance of this sentence." The court also found that the "defendant has an extensive history of criminal activity . . . and further [] was on probation at the time of the offenses [as well as] on bond for an additional case at the time of his arrest."

The trial court has discretion to order consecutive sentences if it finds by a preponderance of the evidence that "[t]he defendant is an offender whose record of criminal activity is extensive" or that "[t]he defendant is sentenced for an offense committed while on probation." Tenn. Code Ann. § 40-35-115 (b)(2) and (6). The record establishes that the defendant has an extensive criminal record consisting of eight felony convictions, including one conviction for vehicular homicide. Moreover, the defendant testified that he was serving an eight-year probated sentence for evading arrest with risk of death when he was arrested for the instant offenses.

3

The defendant contends that a consecutive sentence is not necessary to protect the public from further criminal conduct in this case. In support of this argument, the defendant emphasizes the circumstances surrounding his offenses, specifically noting that he "was concerned with the safety of others" and was sure to stop at all traffic lights to "ensure there was no cross traffic before proceeding." Thus, the defendant argues that he exercised caution when evading arrest so as to actually protect the public from harm. The defendant cites State v. Wilkerson to support his contention that consecutive sentences are not necessary to protect the public in this case. 905 S.W.2d 933, 937-38 (Tenn. 1995).

The trial court did not identify the defendant as a "dangerous offender" so as to require it to make specific findings that an extended sentence is necessary to protect the public against further criminal conduct, and that the consecutive sentences must reasonably relate to the severity of the offenses committed. See State v. Lane, 3 S.W.3d 456 (Tenn. 1999). Wilkerson is limited to cases involving the sentencing of "dangerous offenders" under Tenn. Code Ann. § 40-35-115 (b)(4). Id. at 461. The record supports the imposition of consecutive sentences based on the statutory grounds cited by the trial court. Tenn. Code Ann. § 40-35-115 (b)(2) and (6). Thus, finding that the trial courts imposition of consecutive sentences based Tenn. Code Ann. § 40-35-115 (b)(2) and (6) as opposed to (4), we will not address whether the defendant would satisfy the definition of "dangerous offender."

The defendant also argues that consecutive sentences are inappropriate in this case because "he has a great potential for rehabilitation." The defendant points to his employment as a lead carpenter during the six months prior to incarceration as well as his previous success in rehabilitative programs to support his contention. Contrary to the defendant's allegation, the record reflects that the trial court did consider the defendant's potential for rehabilitation in conformance with the sentencing guidelines. See Tenn. Code Ann. § 40-35-103 (5).

The defendant's lack of responsiveness to numerous rehabilitative efforts supports the trial courts imposition of consecutive sentences. Furthermore, the "defendant's repeated failures to comply with the laws of this State, the terms of probation, the terms of parole, and the terms of bond" as found by the trial court undermine his contention that he is a great candidate for rehabilitation. Thus, we find that the trial court did consider the defendant's potential for rehabilitation, and did not err in imposing consecutive sentences in light of the prior failed rehabilitative efforts.

CONCLUSION

Upon consideration of the foregoing and the record as a whole, the judgment of the trial court is affirmed.

_____
D. KELLY THOMAS, JR., JUDGE

4